## Case No. 14,846.

### UNITED STATES v. CONNER.

[1 Cranch, C. C. 102.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

GAMING—OWNER OF TABLE—WHO MAY BE INDICTED.

1. Upon an indictment for keeping a gaming-table in a booth upon a race-field, contrary to the act of Maryland, it is not necessary to prove that the traverser was the owner.

2. He is equally guilty, whether he acted as principal, or agent, or servant of the owner.

Indictment for keeping a gaming-table, to game with dice, at a booth, on the race-field, contrary to an act of assembly of Maryland.

## Case No. 14,847.

### UNITED STATES v. CONNER.

[3 McLean, 573.] [2]

Circuit Court, D. Michigan. June Term, 1845.

PERJURY—FALSE BANKRUPT SCHEDULE—CRIMINAL INTENT—NEW TRIAL.

1. A bankrupt having submitted the facts in regard to his property fairly to the advice of his counsel, and in acting under the advice thus given withholds certain items from his schedule, is not guilty of perjury.

[Cited in Re Rainsford, Case No. 11,537. Distinguished in U. S. v. Learned. Id. 15,-580.]

[Cited in Barnett v. State (Ala.) 7 South. 416; Lambert v. People, 76 N. Y. 226.]

2. The fraudulent intent is wanting, which is an essential ingredient of the crime.

[Cited in U. S. v. Learned, Case No. 15,580.]

3. A criminal intent is necessary to constitute this offence.

[Distinguished in Halsted v. State, 41 N. J. Law, 596.]

4. The circuit courts of the United States may, on cause shown, grant new trials in criminal cases.

[Cited in Ex parte Bradley, 48 Ind. 353; Joy v. State, 14 Ind. 153.]

[This was an indictment against Henry W. Conner for perjury.]

Mr. Bates, U. S. Dist. Atty.

OPINION OF THE COURT. The defendant was indicted for perjury under the bankrupt law, and was found guilty by the jury at the last term, the presiding judge being absent. The indictment contained but one count, charging the defendant with having furnished a false inventory of his property, in not including his interest in a house and lot, his interest in a grocery store, and in certain choses in action. The verdict was general, and a motion being made at the last term for a new trial, it was continued to the present term.

This motion is opposed on the ground that the circuit courts of the United States have no power to grant new trials, in any case of felony; that the common law must be their guide, and that, at common law, no new trial in a criminal case can be granted, except in cases of misdemeanor. This question was considered and decided in U. S. v. Keen [Case No. 15,510], and it will not be again examined. There can be no doubt that the court may, on cause shown, grant a new trial in any criminal case. The principal ground relied on for a new trial is, the charge to the jury on the fact proved, that the schedule being made out on the advice of a lawyer, a full statement of the facts being submitted to him, did not exempt the defendant, if any property was withheld from his schedule, from the charge of perjury.

The maxim is admitted, that ignorance of the law constitutes no excuse for the commission of a crime. But the intention with which the act is done must give a character to the act. A man may innocently commit homicide. If, in doing a lawful act, he should unintentionally kill a fellow creature, he is in no sense guilty of a crime. A bankrupt is bound to exhibit a true schedule of all his property, and if he fail to do this, wilfully and fraudulently, he is guilty of perjury. But if he, being unacquainted with the requirements of the law, shall be advised by his counsel, after the facts have been fully stated to him, that certain items of property are not required to be stated on his schedule, and he omits them, he is not guilty of perjury. He acts fairly in submitting the facts to his counsel, and, by acting under his advice, he shows a desire to conform to the law.

To constitute perjury under the law, the false schedule must have been made corruptly, by the bankrupt, and with the intent to defraud his creditors. The falsity of the schedule be-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

ing established, the mitigating circumstances must be shown by the defendant; and if no excuse be proved, the fraudulent intent will be inferred from the act, it being, prima facie, in violation of the law.

A new trial being granted, a nolle prosequi was entered.