State of Minnesota v. Lessing.

## State of Minnesota,

*vs.*

## Louis Lessing.

The minutes of trial in a criminal action, kept by the clerk, constitute a part of the judgment roll, and if error appears therein, the defendant is entitled to the benefit of it.

Upon a writ of error in a criminal action, it is not necessary that the record should show affirmatively the defendant's request to be sworn or examined, in order to sustain the proceedings against an allegation of error, on the ground that the defendant was sworn as a witness without his request; but the defendant, to sustain such allegation, must show affirmatively that he was sworn without this request.

Under the statutes of this state, upon an indictment for an offence, consisting of different degrees, if the indictment charges the crime in terms which embrace the highest degree of such crime, a conviction may be had for that, or any lesser degree of the same offence, although the indictment omits to state the particular intent and circumstances characterizing such lesser degree of the offence, if the act for which the accused is indicted is the same for which he is convicted.

Upon the trial of an indictment for murder in the first degree, a verdict of guilty of murder in the second degree against the prisoner, without expressly acquitting the defendant of murder in the first degree, is good. It is equivalent to an express acquittal of the higher offence, and could be successfully pleaded by the prisoner, in bar of any subsequent prosecution against him for the same offence.

Writ of error to the district court for Nicollet county, in which court the defendant was convicted of murder in the second degree, upon an indictment for murder in the first degree, and moved for a new trial, on the minutes of the court, which was denied. The case is sufficiently stated in the opinion.

E. St. Julien Cox and Chas. T. Clothier, for Plaintiff in Error.

F. R. E. Cornell, Attorney General.

*By the Court*,—McMillan, J.—This case is brougnt into this court by a writ of error to the court below. The statute provides, that the clerk, upon a writ of error being filed with him, shall transmit to this court a copy of the judgment roll and of the bill of exceptions, if any. *Gen. Stat.*, *ch.* 117, *sec.* 5.

The return in the cause under consideration contains no "case" or "bill of exceptions"; the record, therefore, does not show any of the evidence, nor any exceptions taken by the defendant upon the trial, nor does the return show the grounds or proceedings upon which the motion for a new trial was based; therefore, the objections urged by the defendant's counsel in this court, to the rulings of the court below upon the trial, that the evidence was incompetent to establish the death of the party killed, because it was wholly circumstantial, and that there was misconduct on the part of the jury, cannot be sustained.

The defendant's counsel also urged upon the argument as ground of error, that the record shows that the defendant was sworn as a witness in the case upon the trial, but does not show that it was at his own request.

By our statute, the minutes of the trial constitute a part of the judgment roll, (*Genl. Stat.*, *ch.* 118, *sec.* 1. *subd.* 4); and if error appears therein, the defendant is perhaps entitled to the benefit of it. But the record here shows no error.

The copy of the minutes of the trial, among other things, after showing the meeting of the court, states as follows:

State of Minnesota v. Lessing.

"E. St. Julien Cox, in behalf of the defendant in the case on trial, opened the defence to the court and jury; after which, Elizabeth Lessing was called to the witness stand, sworn, examined and cross-examined. Louis Lessing, the prisoner, was then put upon the witness stand, sworn, examined and cross-examined; whereupon the defence rested." We think the fair inference of fact from this record is, that the prisoner, Lessing, was examined upon the part of the defence, and at his own instance. But however that may be, there is certainly nothing in the record inconsistent with the fact that he was examined at his own request. The court having jurisdiction to try the accused, the presumptions are in favor of the regularity of the proceedings upon the trial. As the defendant would not have been a competent witness without his request, the presumption under the circumstances is that he made the request. It is not necessary that the record should show affirmatively the defendant's request to be sworn or examined in order to sustain the proceedings; but the defendant, to sustain an allegation of error on this ground, must show affirmatively that he was sworn without this request. *State vs. Ryan*, 13 *Minn.* 370.

The next question for our consideration is whether the verdict is supported by the indictment. The indictment is substantially in the form prescribed by the statute, and is sufficient to embrace the crime of murder in the first degree. *State vs. Dumphey*, 4 *Minn.* 443.

The statutes of this state provide that "upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto. Upon an indictment for any offence, the jury may find the defendant not guilty of the commission thereof, and guilty of an attempt to commit the same. Upon an indictment for

murder, if the jury find the defendant not guilty thereof, they may upon the same indictment, find the defendant guilty of manslaughter in any degree. In all other cases the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment." *General Statutes, ch.* 116, *sec.* 18, *pp.* 656–7. Murder is divided by our statute into three degrees. Murder in the first degree is the killing of a human being without authority of law, and with a premeditated design to effect the death of the person killed, or any other human being. Such killing when perpetrated by any act eminently dangerous to one or more persons, and evincing a depraved mind, regardless of the life of such person or persons, although without a design to effect death, is murder in the second degree. *Gen. Stat. ch.* 94, *sec.* 2, *p.* 597. The third degree of murder is not material in this case.

Offences within the two degrees of murder above specified were murder at common law.

The statute has created no new offence, but merely divided the common law offence into different degrees, based upon circumstances mitigating the crime, and has reduced the penalty to be inflicted on the criminal when convicted of such offence as so modified. The crime, whatever its degree, remains the same in its nature and name; the pleadings are not thereby changed, nor is it necessary that the indictment should show what degree of the crime is charged. *Commonwealth vs. Flanagan,* 7 *W. & S.* 418.

If the indictment charges the crime in terms which embrace the highest degree, a conviction may be had under our statute for that or any lesser degree of the same offence. *State vs. Dumphey,* 4 *Minn.* 443. The rule has been well laid down by the court of appeals of New York in determ-

State of Minnesota v. Lessing.

ining a question similar to that we are now considering, in the following language : "When the act for which the accused is indicted is the same for which he is convicted, the conviction of a lesser degree is proper, although the indict- ment contains averments constituting the offence of the highest degree of the species of crime, and omits to state the particular intent and circumstances characterizing a lower degree of the same crime;" that is, "under an indictment for murder in the first degree, the accused may be convicted of any degree of murder or manslaughter for the unlawful killing of the identical person charged, by the identical means charged in the indictment. This would not include a case where the person killed was not the same as charged in the indictment, nor where the means of effecting the death were materially variant from those the indictment charges." *Keefe vs. The People*, 40 *N. Y.* 355. *Thompson vs. The People*, 41 *N. Y.*, 1.

There can be no doubt that the killing charged in the indictment in this case may have been perpetrated by an act and under circumstances which would constitute murder in the second degree, and as the peculiar characteristics of mur- der in the second degree need not be stated when the indict- ment, as in this case, charges the crime of murder in the first degree, the proofs necessary to sustain a conviction for murder in the second degree would be admissible under the indictment. We must presume, then, in the absence of any- thing in the record to the contrary, that the verdict was sup- ported by the evidence, and that the act for which the defendant is convicted is the same act charged in the indict- ment.

The only remaining objection is that the jury has not neg- atived the higher offence of murder in the first degree as charged in the indictment, but have convicted the defendant

of a lesser degree of murder. The indictment, as we have already observed, is for murder in the first degree and contains a single count. The defendant in due form entered a plea of not guilty; issue was joined and the issue was submitted to a jury, which jury rendered a verdict of guilty of murder in the second degree against the prisoner. If, as we have determined, the verdict is supported by the indictment, we think under the circumstances presented here, the verdict rendered in this case is equivalent to an express acquittal of the defendant for murder in the first degree, and that the defendant could successfuly plead the proceedings in this case in bar of any subsequent prosecution against him for the same offence. We cite as supporting the verdict in this case, 1 *Wharton's Am. Cr. L.* (*6th Ed.*) *secs.* 384, 560. *Weinzorpflin vs. The State,* 7 *Blackford,* 187. *Stoltz vs. The People,* 4 *Scam.* 168. *Brennan and others vs. The People,* 15 *Ill.* 513. *Guenther vs. The People,* 24 *N. Y.* 101. 11 *Iowa* 350. 1 *Chit. Cr. L.* 641. 1 *Bishop Cr. L. sec.* 850.

Judgment affirmed