STATE OF MAINE *vs.* WILLIAM SMITH.

*Duplicity in a count in an indictment.*

A count in an indictment, containing a joinder of two or more distinct offences, is bad for duplicity.

R. S., c. 27, § 20, prohibiting pedlars and dealers from "carrying for sale, or offering for sale, or offering to obtain, or obtaining orders for the sale or delivery of any spirituous, intoxicating, or fermented liquors," creates distinct and independent offences, a joinder of which in the same count of an indictment is good ground for demurrer.

ON EXCEPTIONS.

Two indictments under R. S., c. 27, § 20. The first indictment contained two counts; one alleging that the respondent, on the 15th day of June, 1871, at New Portland, "did travel from place to place in said town of New Portland, carrying for sale, and offering for sale, and offering to obtain, and obtaining orders for the sale and delivery of spirituous, intoxicating, and fermented liquors in this State;" and the other containing the same allegations with the additional averment "that William Smith, aforesaid, while so traveling as aforesaid, for purposes aforesaid, did then and there obtain from one Danvill Lowell, of said town of New Portland, in said County of Somerset, an order for the sale and delivery of a certain quantity of spirituous, intoxicating, and fermented liquors, to wit, ten gallons of rum."

The second indictment contained four counts. The first count contained all the allegations of the second count of the first indictment, with further and similar averments of obtaining an order for the sale and delivery of certain specified liquors to two other persons therein named; the second count set forth, in addition to the general averments of the other counts, "that the said William Smith, while so traveling as aforesaid, and for the purposes aforesaid, did then and there offer to sell to one William S. Jacobs, of New Portland, aforesaid, in said County of Somerset, and did offer

to obtain an order for the sale of and delivery to the said William S. Jacobs, a certain large quantity of spirituous, intoxicating, and fermented liquors, to wit, as much of said liquor as he the said Jacobs desired;" and also a similar averment of an offer to one William H. Lowell; the third count contains all the allegations of the other counts, and the last is substantially the same as the first count of the first indictment.

The respondent demurred specially to each indictment, specifying as the causes of demurrer:

1st. That the indictment was bad for uncertainty and repugnancy.

2d. That it was bad for duplicity.

3d. That it was double, charging two or more separate and distinct offences in the same count and in each count.

The presiding judge overruled the demurrers and the respondent excepted.

*L. Clay*, for the respondent.

Each of the acts charged in these indictments is made an offence by the statute. A penalty is affixed to each of the last three charges, but none to the first, *i. e.* the carrying for sale, etc. It is impossible for all the charges to relate to the same transaction.

Distinct offences may be charged in the same indictment, provided they relate to the same transaction, but not in the same count.

Several acts may be charged in the same count, provided they relate to one and the same transaction, and when taken all together they constitute but one offence, but not otherwise. 1 Bishop's Crim. Procedure, §§ 193, 189; *Commonwealth* v. *Hills*, 10 Cush. 530; *Carleton* v. *Commonwealth*, 5 Met. 532; *State* v. *Hood*, 51 Maine, 363.

When two or more distinct offences are sufficiently described in the same count, it is bad for duplicity. *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Hope*, 22 Pick. 1; *State* v. *Palmer*, 35 Maine, 9; *State* v. *Burgess*, 40 Maine, 592.

R. S., c. 27, § 20, affixes no penalty for carrying liquor to sell, therefore, if found guilty of that charge, he must be punished as provided in R. S., c. 135, § 1, a different penalty from that attached to the other offences charged in the same count; for this reason alone, the indictment was held bad in *Greenlow* v. *The State*, 4 Humph. 25, 26, cited in 1 Bishop's Crim. Pro. § 195.

*T. B. Reed*, attorney-general for the State.

As to the first indictment. The first count is correct, embodying the words of the statute and words describing the offence. 1 Wharton's Crim. Law, Ed. 1861, 393; 1 Bishop's Crim. Pro. § 19; *State* v. *Nelson*, 29 Maine, 329.

The second count is also good, describing the offence in the language of the statute and, for the benefit of the accused, specifying the individual from whom an order was obtained. *State* v. *Pillsbury*, 47 Maine, 449.

The second indictment.

1st. Although sales are alleged in all but the last count to have been made to more than one person, yet as the same time and place are alleged it is but one offence. *State* v. *Anderson*, 3 Rich. (S. C.) 172.

2d. The last count is unobjectionable, being in the language of the statute, cases, *supra*.

DICKERSON, J. These cases come before us on exceptions to the order of the presiding judge overruling the demurrer. The ground relied upon to sustain the demurrer is, that separate and distinct offences are charged in the same count. Both indictments are brought on R. S., c. 27, § 20.

No rule of criminal pleading is better established than that which prohibits the joinder of two or more substantive offences in the same count. A substantive offence is one which is complete of itself, and is not dependent upon another. When several acts relate to the same transaction, and together constitute but one offence, they may be charged in the same count, but not otherwise.

Each count in an indictment must stand or fall by itself. The jury cannot find a verdict of guilty as to one part, and not guilty as to another part of the same count. This strictness of pleading is necessary in order that the accused may not be in doubt as to the specific charge against which he is called to defend, and that the court may know what sentence to pronounce.

When two or more independent offences are joined in the same count it will be bad for duplicity. *State* v. *Burgess,* 40 Maine, 592–594 ; *State* v. *Palmer,* 35 Maine, 9 ; 1 Bishop on Crim. Pro. §§ 189, 193.

The section of the statute under consideration subjects traveling dealers and pedlars in intoxicating and fermented liquors to " a penalty of not less than twenty nor more than one hundred dollars for each offer to take an order, and for each order taken, and for each sale so made." It is as much an offence to offer to take an order as it is to take one, and *vice versa.* To make a sale is as much an offence as either of the other prohibited acts. Each of these acts is independent of each of the others, and constitutes a complete substantive offence. A conviction for one of these acts does not imply or involve a conviction for either or both of the others. Moreover, the penalty affixed to each of them is distinct and entire, and cannot be apportioned upon two or more of them.

These several offences being of the same nature, defined in the same section of the statute, and punishable with the same penalty, may doubtless properly be charged in separate counts in the same indictment, though they cannot be embraced in the same count. In that case each count would present a single issue, and if sustained, would subject the accused to a certain, specified penalty. Not so, if all the three offences, or either two of them, are grouped together in one count. There would then be as many issues as there are offences charged, each requiring a different mode of proof. The evidence might warrant a conviction upon one of the offences charged, but not upon the others. But the jury cannot split up a count in an indictment, and find the accused guilty of a part, and not guilty of the balance ; their verdict must be an entirety. Be-

sides, what sentence in such case must the court pronounce. upon the conviction of the accused ?   Must it impose the penalty affixed to one of the offences only, or the sum of the penalties affixed to all of them ?   If the former, the accused escapes with a part of the penalty the law attaches to his acts ; if the latter, the court assume and decide that the accused has been convicted of several offences charged in one count.

The construction to be given to this statute is not analogous to that given to the statute against buying, receiving, or aiding in the concealment of stolen goods.   The two statutes are clearly distinguishable in respect to the question under consideration.   In that case the punishment is the same for one as for all three of the prohibited acts; and though each of the acts were charged separately, in different counts, only one punishment could be inflicted.   The several acts mentioned in that statute are but so many modes of describing one and the same offence, that offence being established by proof of either of the modes.   But in the case at bar, as we have seen, each act is complete in itself, and punishable by a distinct, specified penalty, the penalty for one act by no means answering for all the acts mentioned in the statute.   While in that statute but one offence is described, in the statute under consideration there are three offences, each of which may be charged in a separate count in the same indictment, and upon each of which counts the accused may be convicted and punished.   *State* v. *Nelson*, 29 Maine, 334, 335.

The counts in the first indictment charge the two offences of " offering to obtain and obtaining orders," and must be held bad in accordance with the foregoing principles and construction of the statute.   In this case the judgment must be

*Exceptions sustained.*

*Indictment adjudged bad.*

The first and second counts in the second indictment are bad for distinctly and separately charging the offence alleged as having been committed on more than one occasion, and with respect to more than one individual.

The third count is bad on the same ground and for the additional reason that it joins different and independent offences. For this last reason, also, the fourth count cannot be upheld.

*Exceptions sustained.*

*Indictment adjudged bad.*

APPLETON, C. J.; WALTON, BARROWS, DANFORTH, and VIRGIN, JJ., concurred.