## Ex Parte Bradley.

CRIMINAL LAW.—*Indictment for Murder.*—*Conviction of Lower Grade of Crime.* *New Trial.*—A person indicted for murder in the first degree, on the trial, was found guilty of murder in the second degree, the judgment was reversed on appeal by the defendant, the cause was again tried, resulting in a verdict of guilty of manslaughter, and the defendant again, at his request, was granted a new trial.

*Held,* that he took the new trial as to the whole cause, and might be tried again for the higher grades of the crime, of which he was not convicted, as well as for the lower grades, of which he was convicted.

SAME.—*Practice.*—*Reversal of Judgment.*—The reversal of a judgment in a criminal cause which results in a new trial has the same effect as the granting of a new trial, on the application of the defendant, by the court below.

SAME.—Under sections 140 and 141 of the criminal code (2 G. & H. 423), the granting of a new trial in a criminal cause places the parties in the same position as if no trial had ever been had.

From the Ripley Circuit Court.

*J. W. Gordon, T. M. Browne, R. N. Lamb, J. N. Kimball, W. D. Willson, T. E. Willson, J. A. Works,* and *J. D. Works,* for appellant.

BUSKIRK, C. J.—The appellant, Cincinnatus Bradley, filed his petition in the court below praying for a writ of *habeas corpus*, and that he be discharged from an imprisonment which he alleges to be unlawful. The facts set forth in the petition are, in substance, as follows :

At the May term, 1869, of the Switzerland Circuit Court, the appellant was indicted therein for murder in the first degree, for killing one Alexander Evans, by shooting him, at said county, on the 20th day of September, 1868. When the case was called, the appellant moved for a change of venue from Judge Berkshire, which motion was granted, and the Hon. Robert N. Lamb, judge of the twenty-sixth circuit court, was called to preside at the trial. It was subsequently tried by a jury before the said Lamb, and the appellant was found guilty of murder in the second degree, and sentenced to imprisonment in the state prison for his natural life. A motion for a new trial was made, overruled, and a judgment rendered on the verdict. Bradley appealed to the Supreme Court, which reversed the judgment, and remanded the cause to the court below for further proceedings. *Bradley* v. *The State*, 31 Ind. 492.

At the May term, 1871, of the Switzerland Circuit Court, the Hon. Frank Emmerson, Judge of the Jackson Common Pleas, was called to preside in said cause. Upon the application of appellant, the venue was changed from Switzerland to Ripley county. At the August term, 1871, of that court, the cause was tried by a jury before said Emmerson, and resulted in a verdict of guilty of manslaughter, and that he be confined in the state prison for the term of ten years.

Before going to trial, the appellant asked and obtained leave to withdraw his plea of " not guilty," and plead the former verdict as an acquittal of the indictment, which contained but one count, which was for murder in the first degree. This plea set up the former trial and verdict of guilty of murder in the second degree. The State filed a demurrer to this answer, and the court overruled the demurrer, so far as murder in the first degree was concerned, and rendered judgment thereon,

to the effect that the said defendant be, and he was, by reason. of the proceedings, trial, verdict, judgment, and the reversal of such judgment by the Supreme Court, fully acquitted and. discharged of and from said indictment, so far as the crime of murder in the first degree is charged therein; but that as to murder in the second degree and manslaughter, as charged in. said indictment, the said demurrer be overruled; and that said defendant answer over to said indictment as and for the crimes of murder in the second degree and manslaughter. Thereupon the appellant pleaded not guilty, under protest, and, after moving for his discharge upon said indictment, which motion was overruled, the cause was submitted to a jury for trial, with the result above stated.

The court granted him a new trial, and at the time of the filing of his petition for *habeas corpus* the appellant was confined in jail, awaiting his trial. Deeming the judgment rendered by Judge Emmerson, upon the demurrer to his answer setting up his former acquittal, equivalent to an acquittal and discharge of and from the indictment, he prayed for a writ of *habeas corpus*, and, upon hearing, for a discharge from imprisonment.

The court, upon a final hearing, refused to discharge the appellant, and from this judgment he has appealed.

The indictment was for murder in the first degree, but this included the charges of murder in the second degree and manslaughter, and had the same legal effect as if there had been three counts in the indictment, one for murder in the first degree, one for murder in the second degree, and one for manslaughter. The first verdict, finding the appellant guilty of murder in the second degree, without any finding as to murder in the first degree, operated as an acquittal of murder in the first degree; and the second verdict, finding him guilty of manslaughter, was equivalent to an express finding of not guilty of murder in both degrees; and a judgment rendered on such verdict would have been a bar to a future prosecution for murder in both degrees. This is well settled by authority. *Weinzorpflin* v. *The State*, 7 Blackf. 186; *Moon* v. *The State*,

3 Ind. 438; *Evans* v. *The State,* 7 Ind. 271.; *Clem* v. *The State,* 42 Ind. 420; *Brennan* v. *The People,* 15 Ill. 511; *Hurt* v. *The State,* 25 Miss. 378; *Guenther* v. *The People,* 24 N. Y. 101; *State* v. *Lessing,* 16 Minn. 75.

It is unquestionably true, that the appellant, by the first verdict, was acquitted of murder in the first degree, and by the second verdict he was acquitted of murder in the first and second degrees, and that such acquittal would have been a complete bar to any prosecution for such grades of the crime with which he was charged, if he had not by appeal to this court obtained a reversal of the judgment rendered on the first verdict, and if he had not asked and obtained a new trial after the rendition of the second verdict. It is settled, that the reversal of a judgment which results in a new trial has the same force and effect as the granting of a new trial by the court below, upon the application of the appellant. The question is, therefore, presented for decision, whether the appellant took a new trial as to the whole case, or only as to the grade or grades of crime of which he was found guilty. This question will be viewed in a double aspect:

First. What is the rule at common law?

Second. How far is the question controlled by statute in this State?

We proceed to inquire what is the rule at common law, and we will first ascertain what has been decided in this State, and afterward we will cite the adjudged cases supporting the one or the other of the propositions stated and contended for by counsel.

It was held by this court, in *Morris* v. *The State,* 1 Blackf. 37, that he who asks and obtains a new trial must take it as to the whole case.

It was held by this court, in *Joy* v. *The State,* 14 Ind. 139, that when the indictment is good, and the court, laboring under the belief that it is not good, shall, on the defendant's application, arrest judgment on a verdict of conviction, the defendant's jeopardy has ceased at his own request and for his own benefit, and he may be proceeded against anew, where

the prosecutor is not authorized to obtain a reversal of the judgment of arrest so as to again proceed on the former indictment. In that case, Joy was indicted for murder, and was placed upon trial. After the jury had been sworn, and without withdrawing the plea of not guilty, the court permitted the defendant to move the court to compel the prosecuting attorney to elect upon which count he would try the defendant. The motion was sustained, and the State elected to go to trial on the first count. The court then, upon the motion of the defendant, quashed the first count. The State then entered a *nolle prosequi* to the second count, and the jury was discharged, and the prisoner was remanded to jail to await the further action of the grand jury. The indictment upon which he was afterward, at the same term, tried and convicted, was then returned by the grand jury. The defendant, upon being arraigned, pleaded the former acquittal upon a similar charge for the same offence. The State replied the facts hereinbefore stated, and that the prosecutor, upon electing to try upon the first count, "dismissed the second count of said indictment." The defendant demurred to the reply, which was overruled. The defendant had been placed in jeopardy upon the first indictment, but this court held, that he had waived his constitutional privileges by the proceedings hereinbefore set out.

It has been held in the following cases, that where a judgment of conviction has been reversed on the application of the defendant, and the cause is remanded for a new trial, or where a new trial has been granted upon the motion of the defendant, the defendant has waived his constitutional protection, and takes the new trial as to the whole case, and may again be put upon trial for the same grade of crime of which he was found not guilty, as well as the grade of the crime of which he was found guilty: *The People* v. *March*, 6 Cal. 543; *The People* v. *Olwell*, 28 Cal. 456; *The State* v. *Redman*, 17 Iowa, 329; *The State* v. *Knouse*, 33 Iowa, 365; *Sutcliffe* v. *The State*, 18 Ohio, 469; *Stewart* v. *The State*, 15 Ohio St. 155; *The State* v. *Behimer*, 20 Ohio St. 572; *Commonwealth* v. *Olds*, 5

Litt. 137 ; *Gerard* v. *The People*, 3 Scam. 362 ; *Ned* v. *The State*, 7 Port. 187 ; *Bailey* v. *The State*, 26 Ga. 579 ; *The People* v. *Morrison*, 1 Parker C. C. 625 ; *The United States* v. *Harding*, 1 Wall. Jr. 127 ; *The United States* v. *Keen*, 1 McLean, 429 ; *United States* v. *Conner*, 3 McLean, 573 ; *The State* v. *Walters*, 16 La. An. 400.

It has been held, in the following cases, that the only effect of a new trial, whether granted by the court below, or resulting from a reversal of the judgment of the lower court, is to subject the party to a trial for the offence of which he had been convicted, and that the verdict of acquittal of the other offences charged remains unaffected : *The State* v. *Martin*, 30 Wis. 216 ; *The People* v. *Gilmore*, 4 Cal. 376 ; *Brennan* v. *The People*, 15 Ill. 517 ; *Stoltz* v. *The People*, 4 Scam. 168 ; *Barnett* v. *The People*, 54 Ill. 325 ; *Swinney* v. *The State*, 8 Sm. & M. 576 ; *Morris* v. *The State*, 8 Sm. & M. 762 ; *Hurt* v. *The State*, 25 Miss. 378 ; *Slaughter* v. *The State*, 6 Humph. 410 ; *Campbell* v. *The State*, 9 Yerg. 333 ; *Esmon* v. *The State*, 1 Swan Tenn. 14 ; *The State* v. *Coleman*, 3 Ala. 14 ; *The State* v. *Burns*, 8 Ala. 313 ; *Martin* v. *The State*, 28 Ala. 71 ; *Bell* v. *The State*, 13 Am. Law Reg., N. S. 752 ; *State* v. *Kittle*, 2 Tyler, 471 ; *The Commonwealth* v. *Bennett*, 2 Va. Cas. 235 ; *Kirk* v. *Commonwealth*, 9 Leigh, 627 ; *Livingston's Case*, 14 Grat. 593 ; *Jones* v. *The State*, 13 Texas, 168 ; *The State* v. *Ross*, 29 Mo. 32 ; *Jordan* v. *The State*, 22 Ga. 545 ; *The State* v. *Desmond*, 5 La. An. 398 ; *The State* v. *Chandler*, 5 La. An. 489.

Bishop on Criminal Law, in sec. 1004, vol. 1, says : " The cases are very inharmonious as to some points now to be stated ; but, in general terms, the waiving of a constitutional right, implied in the making of an application for a new trial, is not construed to extend beyond the precise thing concerning which the relief is sought. If, therefore, the verdict finds a prisoner guilty of part of a charge against him, and not guilty of another part,—as, for example, guilty on one count of the indictment, and not guilty on another count ; or, there being but one count, guilty of manslaughter, and not guilty of mur-

der; and a new trial is granted him,—he cannot be convicted, on the second trial, of the matter of which he was acquitted on the first."

Wharton, in his Criminal Law, maintains the same doctrine as Bishop, where there are several counts in the indictment, but recognizes on this point a distinction between cases where the indictment contains several counts, on some of which there is an acquittal and on others a conviction, and where there is but one count which includes a greater and a less charge; maintaining that, in the latter, if there is a conviction of the inferior degree of the offence and a new trial, the new trial will open the whole case; but that such would not be the effect in the former class of cases. But the distinction does not seem to be sound on principle or very fully sustained by authority. *The State* v. *Ross*, 29 Mo. 32.

We have thus far considered the question without reference to the provisions of the statute of this State. Secs. 72, 73, and 74 of the criminal code are as follows:

" Sec. 72. Upon an indictment for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offence." 2 G. & H. 405.

" Sec. 73. In all other cases the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment." 2 G. & H. 406.

" Sec. 74. Counts for murder in the first and second degree, and for manslaughter, may be joined in the same indictment, and on the trial the defendant may be convicted of either offence."

Sec. 72 relates to a case where there is but one count in the indictment, and that is for murder in the first degree. Such an indictment includes both degrees of murder and manslaughter, and on such an indictment the defendant may be found not guilty of murder in the first degree, but guilty of murder in the second degree; or he may be found not guilty of

murder in either degree, but guilty of manslaughter; or he may be found not guilty of murder in both degrees and of manslaughter, but guilty of an attempt to commit the crime of murder. And the same rule would obtain if the indictment was for murder in the second degree, except that the accused could not, on such an indictment, be found guilty of murder in the first degree, as the section provides that a person may be found not guilty of the degree charged, but guilty of any degree inferior thereto.

The purpose of sec. 73 is illustrated by the case of *Wall* v. *The State*, 23 Ind. 150. There, the defendant was indicted for an assault and battery with the intent to commit murder in the first degree, but was found guilty of an assault and battery with the intent to commit murder in the second degree. On appeal to this court, he insisted that the judgment should be reversed, for the reason that he was not found guilty of the offence charged, but this court held the conviction right, because the offence charged necessarily included the offence of which he was found guilty, and based the ruling upon the section under examination. The purpose of the section is still further illustrated by the case of *Rose* v. *The State*, 33 Ind. 167, where it was held that an indictment for the rescue of a prisoner did not necessarily include an assault and battery; but the conviction for an assault and battery was sustained, because such offence was also properly charged in the indictment.

Sec. 74 provides that separate counts for murder in the first and second degree, and for manslaughter, may be joined in the same indictment, and on the trial the defendant may be found guilty of either offence.

We think it can make no difference, so far as the question under examination is concerned, whether the three degrees of homicide are charged in one count or in three separate counts in the same indictment. The only authority we have found which attempts to draw this distinction is Wharton, and he lays down the doctrine that where there is but one count and a conviction of an inferior degree and a new trial, the new

trial will open the whole case, a result which the learned counsel for appellant would greatly deprecate.

But we have another statutory provision which has an important bearing upon the question in judgment. Secs. 140 and 141 of the criminal code, 2 G. & H. 423, are as follows:

"Sec. 140. A new trial is a re-examination of the issue in the same court.

"Sec. 141. The granting of a new trial places the parties in the same position as if no trial had been had; the former verdict can not be used or referred to, either in the evidence or argument."

The last section quoted is broad and comprehensive. It is expressly declared, that "the granting of a new trial places the parties in the same position as if no trial had been had." Before the first trial, the appellant was charged with murder in the first degree, and that charge included murder in the second degree and manslaughter. He was found guilty of murder in the second degree, and judgment was rendered on the verdict, but the judgment was reversed by this court, and the cause was remanded for a new trial. As we have seen, the reversal of a judgment which results in a new trial has the same legal effect as the granting of a new trial by the court below, upon the application of the defendant. So, upon the reversal of the judgment, the parties stood as though there had been no trial. The trial and verdict were abrogated. The former verdict could not be referred to, either in the evidence or argument. There was nothing to show that there had been a trial and verdict. This was intended as a protection to the accused. The jury were to be kept in ignorance of the fact that a former jury had found the accused guilty of any crime. By this provision, the legal presumption of his innocence could not be overcome or weakened by the knowledge that there had been a verdict against him. So the granting of a new trial upon the conviction for manslaughter expunged both verdicts and judgments, and the appellant stood with all the presumptions

of the law in his favor, to the same extent as when the indictment was first presented against him.

It is true that sec. 14 of article 1 of our constitution provides, that "no person shall be put in jeopardy twice for the same offence." This humane and benign provision of our fundamental law was borrowed from the common law and *magna charta*. Every person acquainted with the history of governments must know that state trials have been employed as a formidable engine in the hands of a dominant administration, and that, on a revolution of sentiment, those who had been acquitted of all crime, under a former reign, might be subjected anew to prosecution, and that a despot, by frequently arraigning and trying an accused political enemy, might ultimately put him down, so that he could no longer annoy the existing power. To prevent these mischiefs, the ancient common law, as well as *magna charta* itself, provided that one acquittal or conviction should satisfy the law. *Commonwealth* v. *Olds*, 5 Litt. 137. The framers of the federal and state governments regarded the doctrine so important and necessary that they incorporated the same principle in the fundamental law. Every man accused of crime, who has been acquitted by the verdict of a jury of the whole crime preferred against him, is shielded and protected by the constitution. The State can not ask for a new trial. The court can not grant a new trial, of its own motion, however monstrous and unjust the verdict may be. So, when a person is charged by indictment with a crime consisting of several degrees, and he is found not guilty of the highest degree but guilty of one of the inferior degrees, he is entitled to the same constitutional protection, and there is no power in the government that can subject him to another trial for the offence of which he was found not guilty, without his consent and concurrence. The legislature has interposed and said to all persons thus circumstanced, that if you believe you have been unjustly and wrongfully convicted, you may have another trial on the express condition that the State shall have the right to place you on trial again for the grade or grades of the offence of which you were found not guilty; and,

in our judgment, when a defendant asks and obtains a new trial, he thereby waives the constitutional protection, and must take it as to the whole case.

The examination which we have made of the common law doctrine discloses the fact that there is much conflict among the elementary writers and the adjudged cases. The rulings in many of the states are squarely contradictory and repugnant. We think that we may safely assume that secs. 140 and 141, above quoted, were enacted in view of this conflict of authority, and for the purpose of establishing a fixed and uniform rule.

It is further contended by counsel for appellant, that the acquittal of the appellant of murder in both degrees so far destroyed the indictment as to leave no charge of manslaughter against him, and that he could not be put on trial for such offence. This is carrying the doctrine much farther than it has ever been carried, and, in our opinion, is wholly untenable. It is settled by all the authorities which we have hereinbefore cited, that the acquittal of the higher grade of crime does not affect the less offence charged in the indictment, and that the accused may be put on trial for any offence of which he was not acquitted. The question of controversy in the numerous cases cited was not whether the accused could be again tried for the offence of which he was found guilty, and as to which he had taken a new trial, but whether he could be again tried for the higher grade or grades of crime, of which he had been found not guilty. Upon the first proposition the authorities are uniform, while on the other there is much conflict.

We do not, under the peculiar circumstances surrounding this case, deem it necessary to determine anything as to the effect of the judgment rendered by Judge Emmerson discharging the appellant from further prosecution for murder in the first degree.

We think the appellant was not entitled to a discharge, and that the ruling of the court below was correct.

The judgment is affirmed, with costs.