MILLS v. THE STATE.

CRIMINAL LAW.—Indictment Charging Distinct Offences.—Election Between Charges.—Where a count of an indictment charges more than one substantive offence, or where different counts charge different substantive offences, the election of the State to place the defendant on trial for one of the offences so charged amounts to an abandonment of the other charges, which thereupon cease to be parts of the indictment, as if, as to the counts or parts of counts containing them, the court had sustained a motion to quash, or the prosecutor had entered a nolle prosequi.

SAME.—Rape.—Assault and Battery. — New Trial. — Indictment charging that, at, etc., on, etc., A. B. " did, in a rude, insolent and angry manner, unlawfully touch, strike and wound" C. D., " a woman, and did, then and there, her, the said" C. D., "a woman, unlawfully, forcibly and against her will, feloniously ravish and carnally know."

Under an order of court requiring the prosecuting attorney to elect whether he would put the defendant on trial for a rape or for an assault and battery, he elected to try him for a rape. There was a verdict of guilty of an assault and battery; and, on the defendant's motion, a new trial was granted.

Held, that the indictment charged only one substantive offence, that of a rape.

Held, also, that the election to place the defendant on trial for a rape, with the order requiring such election, was a nullity, and did not take out of the case the charge of an assault and battery necessarily included in the

52 187
148 248

52 187
Case 2
159 397

52 187
Case 2
f171 99

charge of a rape, which minor offence need not be separately charged in an indictment for the greater.

*Held*, also, that the defendant took said new trial as to the whole case, and it was error to sustain his objection to being tried thereon for a rape, and to put him on trial for an assault and battery.

From the Lagrange Circuit Court.

*A. Ellison* and *A. A. Chapin*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BUSKIRK, J.—The appellant in this cause was prosecuted and tried on the following indictment:

"State of Indiana, Lagrange county, ss.    In the March term of the Lagrange Circuit Court, A. D. 1874.    *The State of Indiana* v. *Jacob Mills.*

" The grand jurors for the county of Lagrange, upon their oath, present that, at said county and State, on the 24th day of April, A. D. 1872, Jacob Mills did, in a rude, insolent and angry manner, unlawfully touch, strike and wound Lovinna Draggoo, a woman, and did, then and there, her, the said Lovinna Draggoo, a woman, unlawfully, forcibly, and against her will, feloniously ravish and carnally know.

"CYRUS M. WADE, Special Pros. Att'y."

At the March term, 1874, of the Lagrange Circuit Court, the appellant, before pleading, moved to strike out of the indictment that portion which charges a simple assault and battery, which motion was overruled, and exception taken. He then moved the court to compel the prosecutor to elect on which charge contained in the indictment he would try the appellant, which motion was sustained, and the prosecutor elected to try him upon the charge of rape alone. Appellant then moved to quash the indictment, which was overruled, and exception taken.

He was then arraigned, and pleaded not guilty, and was tried by a jury, who returned the following verdict:

" We, the jury, find the defendant guilty of assault and battery, and fix his fine at eight hundred dollars, and four months' imprisonment in the county jail.

"T. G. STARKEY, Foreman."

The defendant then moved to be discharged from further prosecution, for the reason that the verdict of the jury operated as an acquittal, which was overruled, and exception reserved.

A motion was then made for a new trial, which was granted, and the cause continued.

At the next term, the cause being called for trial, appellant objected to being again put on trial, and filed his reasons therefor, in writing, but the objection was overruled, and exception was taken.

He then objected to being put on trial for rape, which the court sustained. He next objected to being put on trial for assault and battery, with intent to commit a rape, which was also sustained; and he then objected to being put on trial for an assault and battery, which was overruled, and exception taken.

The defendant, over his objection, was arraigned, and, refusing to plead, the court entered a plea of not guilty for him, and placed him on trial, and a trial was had, and a verdict returned of guilty of assault and battery.

Motion for a new trial was again made and overruled, and then in arrest of judgment, which was also overruled, and judgment rendered on the verdict.

It is strenuously insisted by counsel for the appellant, that the indictment, consisting of a single count, contained two substantive offences, the one for an assault and battery, and the other for a rape.

It is further contended, that the election made by the prosecuting attorney was the equivalent of a *nolle prosequi*, or a quashal, and was an abandonment of the charge of an assault and battery, whether as a substantive charge or as embraced in the charge of rape.

It is firmly settled by the authorities, that where one count contains two substantive offences, or where several substantive offences are charged in different counts, and the State elects to place the accused upon trial for one of such offences, such election amounts to an entire abandonment of

the charge for which the State refuses to place the accused upon trial, and such offence ceases to constitute a part of the indictment, in the same manner and to the same extent as if the prosecutor had entered a *nolle prosequi*, or the court had quashed the count, or a part of the count, containing such offence. When an election is made, the accused is entitled to a discharge as to the offence for which he is not placed on trial. Nearly all of the text writers and adjudged cases speak of an election as the equivalent of quashing by the court or entering a *nolle prosequi* by the prosecuting attorney.

1 Bishop Crim. Pro., sec. 455, lays down the doctrine thus:

"One mode of enforcing what is equivalent to an election is to quash the indictment before trial, when it appears to the judge that offences have been unduly joined, and that the prisoner will be thereby prejudiced on his trial."

The same author, in section 456, says:

"Returning to what may be termed election proper, we find various sorts of election, and various cases, to be distinguished from one another. In the first place, the prosecuting officer may always *nol. pros.* any count of the indictment before the trial commences, or after it is over, though he cannot do this while it is in progress. He may, therefore, in analogy to this, elect to proceed only on certain counts of the indictment."

The prosecuting officer may, on the trial, be required to elect on which count he will proceed, or to what transaction the evidence shall be restricted. See sections 459–460 of the above cited work. The author, in section 460, says:

"Where there is a single count in an indictment for a misdemeanor, as well as in an indictment for felony, whatever the number of counts, the court will restrict the prosecutor, by so compelling him to elect as shall prevent his giving evidence of more than the one transaction. And where in misdemeanor there are several counts, the evidence will be limited in a corresponding way, regard being had to the number and nature of the counts."

The doctrine, as stated above, is fully supported by the adjudged cases. *McGregg* v. *The State,* 4 Blackf. 101; *Weinzorpflin* v. *The State,* 7 Blackf. 186; *The State* v. *Smith,* 8 Blackf. 489; *Engleman* v. *The State,* 2 Ind. 91; *Joy* v. *The State,* 14 Ind. 139; *The State* v. *Jones,* 5 Ala. 666; *Burk* v. *The State,* 2 Har. & J. 426; *The People* v. *Austin,* 1 Parker C. C. 154; *Bailey* v. *The State,* 4 Ohio St. 440; *The State* v. *Davis,* 29 Mo. 391; *Dowdy* v. *Commonwealth,* 9 Grat. 727; *The United States* v. *Dickinson,* 2 McLean, 325; *Hampton* v. *State,* 8· Humph. 69; *Storrs* v. *The State,* 3 Mo. 9; *Rex* v. *Young,* Peake Ad. Cas. 228; S. C., Russ. & Ry. 280; *Rex* v. *Smith,* 3 Car. & P. 412; *The State* v. *McPherson,* 9 Iowa, 53; *Mayo* v. *The State,* 30 Ala. 32; *The State* v. *Fowler,* 8 Foster, N. H. 184; *The State* v. *Flye,* 26 Me. 312; *The State* v. *Phinney,* 42 Me. 384; *Baker* v. *The State,* 4 Pike, 56; *Kane* v. *The People,* 8 Wend. 203.

The case of *Joy* v. *The State,* 14 Ind. 139, is very much in point in the case under examination. There the indictment contained two counts for murder in the first degree. After the jury was empanelled and sworn, the defendant moved the court to require the prosecutor to elect on which count he would put him on trial. The court required the election. The prosecutor elected to go to trial on the first count. The defendant then moved to quash the first count. The motion was sustained. The prosecutor then asked and obtained leave to enter a *nolle prosequi* to the second count. The jury was discharged, and the defendant held in custody to answer a new indictment. A new indictment was returned. The defendant pleaded, in bar of the new indictment, that he had been placed in jeopardy upon the first. A demurrer was sustained to the plea. This court held that he was not in jeopardy as to the first count, because that had been quashed upon his own motion, and hence he had waived his privilege, and that his jeopardy under the second count terminated as soon as the election was made.

This ruling can be sustained only upon the principle that, by the election, the second count went out of the indictment,

and the crime charged therein ceased to be a substantive offence upon which he could be placed on trial under the first indictment. The court, in rendering its decision, entirely ignored the fact that a *nolle prosequi* had been entered to the second count after the election, and placed its ruling upon the second count, upon the ground that the defendant's jeopardy had ceased, under that count, from the moment the election was made.

It becomes necessary for us to inquire whether the indictment contained two substantive offences, and if we should arrive at the conclusion that it only contained one substantive charge, we will then be required to determine whether the election of the prosecutor to place the accused on trial for rape took out of the case the charge of an assault and battery embraced within the charge of rape.

The rule in reference to the joinder of separate and distinct offences in the same count is accurately and clearly stated in *The State* v. *Smith*, 61 Me. 386; S. C., 2 Green Crim. Rep. 462, where it is said:

"No rule of criminal pleading is better established than that which prohibits the joinder of two or more substantive offences in the same count. A substantive offence is one which is complete of itself, and is not dependent upon another. When several acts relate to the same transaction, and together constitute but one offence, they may be charged in the same count, but not otherwise. Each count in an indictment must stand or fall by itself. The jury cannot find a verdict of guilty as to one part, and not guilty as to another part of the same count. This strictness of pleading is necessary in order that the accused may not be in doubt as to the specific charge against which he is called to defend, and that the court may know what sentence to pronounce." See, also, *State* v. *Palmer*, 35 Me. 9; *State* v. *Burgess*, 40 Me. 592; *Mershon* v. *The State*, 51 Ind. 14, where the Indiana cases are collected.

The indictment in the present case charges, in the first instance, an assault and battery, and then charges a rape.

By the use of the words, "and did, then and there," etc., it is made plainly to appear that it was one and the same transaction.

In the extract above made, it is said: "A substantive offence is one which is complete of itself, and is not dependent upon another." An indictment for a rape is good without charging an assault, or an assault and battery. Every charge of rape necessarily includes a charge of an assault and battery. The word "rape" imports not only force and violence on the part of the man, but resistance on the part of the woman. 2 Bishop Crim. Proceed., sec. 955; *O'Connell* v. *The State*, 6 Minn. 279; *Regina* v. *Allen*, 2 Moody, 179; S. C., 9 Car. & P. 521.

We are of opinion that the indictment did not contain two substantive offences. It contained only a charge of rape. There was no case for an election. The whole action of the court in ordering, and the prosecutor in making, an election is to be treated as a nullity.

It is claimed that the court erred in overruling the motion to quash the indictment. It is argued that, after the election was made, there was no charge of an assault, or an assault and battery, and hence the indictment was bad. We have already seen that an indictment for a rape is good without a charge of the minor offence. The court committed no error in overruling the motion to quash the indictment.

We next inquire whether the court erred in refusing, after the new trial was granted upon the application of the appellant, to place him on trial for the charge of rape, and in placing him on trial for an assault and battery.

These questions are too plain to require much elucidation. When the appellant asked and obtained a new trial, he took it as to the whole case. He was tried, in the first instance, upon the charge of rape. The jury had a right to find him not guilty of that offence, but guilty of an assault and battery, which was embraced in the charge of a rape, and if

judgment had been rendered on such verdict, it would have been a bar to another trial for the charge of rape. But the appellant asked and obtained a new trial, and this placed him in the same position as though no trial had been had, *Ex Parte Bradley*, 48 Ind. 548, and the numerous authorities there cited.

The court erred in refusing to place the appellant upon trial for the charge of a rape. The action of the court in refusing to place the appellant on trial for rape did not have the effect of quashing the indictment. It remained in full force and effect, and now stands as a valid charge of rape against the appellant.

As we have seen, there was no express and substantive charge of an assault and battery against the appellant, upon which he could have been placed upon trial. The charge of assault and battery, which was embraced in the charge of rape, did not constitute a substantive offence, but was an elemental part of the greater offence charged. The accused must be placed on trial for the highest charge contained in the indictment. Where the accusation includes an offence of an inferior degree, the jury may discharge the defendant of the higher offence, and convict him of the less atrocious crime. This rule applies in all cases where the minor offence is necessarily an elemental part of the greater, and where proof of the greater necessarily establishes the minor. Section 72 of the criminal code, 2 G. & H. 405; *Ex Parte Bradley, supra; State* v. *Butman,* 42 N. H. 490; *The State* v. *Dumphey,* 4 Minn. 438; *The Commonwealth* v. *Cooper,* 15 Mass. 187; *The State* v. *Shepard,* 7 Conn. 54; *Prindeville* v. *The People,* 42 Ill. 217.

. The action of the court in placing the appellant upon trial for an assault and battery was irregular and erroneous, and the judgment rendered thereon cannot be sustained. The court, in requiring an election to be made, proceeded upon the theory that the indictment contained an express and substantive charge of an assault and battery. When the State elected to place the appellant on trial upon the charge of

rape, it was equivalent to saying that she would try him not only for the rape, but for the lesser offence embraced in such charge. If the, election of the prosecutor could be construed to extend to the charge of an assault and battery, which was incident to, and embraced within, the higher crime, it would, in legal effect, have amounted to an abandonment of the charge of rape itself; for if the State could not prove an assault and battery, she could not prove a rape. The action of the State should not be extended beyond what was intended, and that was to abandon the express and substantive charge of an assault and battery.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to place the appellant upon trial for the charge of rape. The clerk will immediately certify this opinion.