McIlvaine, J.
The plaintiff in error was indicted for the murder of John W. Brock. The indictment contained two counts, each charging murder in the first degree. On the trial he was found guilty of murder in the second degree, and was sentenced to imprisonment for life. Numerous matters have been assigned for error, but we find no' error in the record, for which the judgment should be reversed. A few only of the assignments will be noticed in this report.
Under sections 1 and 2 of chapter 6 of the penal code (74 Ohio L. 344), thirty-seven jurors were summoned and appeared. The first twelve named in the venire were placed in the box, and thereupon, as a juror was excused from the panel upon the challenge of either party, the juror next named in the venire was called into the box. When the venire was exhausted, and only eleven jurors remained in the box, the prisoner demanded that ballots should be *216 drawn from the box to supply the place of those thereafter challenged; but the court directed the parties “to proceed with any challenges they had with the eleven so remaining in the box. Whereupon the defendant challenged six of the eleven, and the court directed the sheriff to fill the panel from the bystanders, which was accordingly done, aud challenges continued till twelve remained in the box against whom no challenge was alleged.” The defendant had not exhausted his peremptory challenges when the twelve so remaining, and against whom no objection was made, were duly sworn, etc.
We see no error to the prejudice of the defendant in the manner of impaneling the jury. The defendant was not deprived of any right of challenge, or prejudiced in the exercise of the right. The talesmen were properly called from the bystanders under section 9 of said chapter. The record does not show a case for supplying the deficiency of jurors by drawing from the box, as provided in section 3 of the chapter.
2. The defendant requested the court to charge the jury that “where the declarations or conversations of a defendant in a criminal prosecution against him are given in evidence by the state, the whole of such declarations or conversations must be taken together, as well those for him as against him, and considered by the jury, and reconciled, if possible, with the fact of his innocence of the crime charged against him.”
This request was properly refused. Where the state offers in evidence a part of a declaration or conversation of the accused, it is quite true that the whole of such declaration or conversation should be admitted, as well that which is for as that which is against him. But there is no rule of law which requires the jury to reconcile the whole, if possible, with the fact of innocence. ' Such weight should be given to the whole and to each part as it is entitled to in the judgment of fair and impartial triers.
3. The defendant also requested the court to charge “ that the defendant is, in law, presumed to be innocent of *217 the crime charged against him until every fact necessary to convict him is fully proved.” In the form requested the court refused to give it. The court, however, in its general charge, having enumerated and explained the several elements of the crime charged, instructed the jury that “the law requires, in a criminal case, that the state should prove the material elements of the crime beyond a doubt.” The question, therefore, is, whether, having so charged, the court erred in refusing to give the instruction requested. Unquestionably, the defendant was entitled to- the benefit of the legal presumption of his innocence. We think, however, that it was given to him. The benefit of the presumption of innocence was fully and practically secured to him in the instruction that the state must prove the material elements of the crime beyond a reasonable doubt.
4. The verdict as recorded is in the form following: “ Each of said twelve jurors severally responded that he found the defendant guilty of murder in the second degree, as charged in and by said indictment.”
It is contended that the verdict is defective, in not responding to the charge of murder in the first degree.
It is provided in the 5th section of chapter 7 of the code : “ When the indictment charges an offense including different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any inferior degree ; and if the offense charged is murder, and the accused is convicted by confession in open court, the court shall examine witnesses and determine the degree of the crime, and pronounce sentence accordingly.”
The first clause in the provision quoted was intended to define the power of the jury in such cases, and not to control the form of the verdict.
The question here does not come within the rule of the common law, which requires the verdict to respond to all the counts in the indictment: and yet there are many cases which hold that a verdict of guilty under one count is equivalent to a finding of not guilty under other counts in the same indictment. It is quite clear that such a ver *218 diet would bar the further prosecution for any offense-charged in the indictment. But here the verdict responds to both counts, and fails only to negative the charge of the higher offense described in the indictment. "Wo think, however, that there is no reasonable doubt "that the jury intended by their verdict to acquit of the higher degree of crime charged in the indictment, and that the verdict is equivalent to saying that the defendant is guilty, as charged in the indictment, of murder in the second degree only.
The same question, although it does not appear to have ' been urged, was in the ease of Leslie v. The State, 18 Ohio St. 390, wherein the judgment was affirmed. . The exact ■point, however, has been ruled in accordance with our ■views. Brooks v. The State, 3 Humph. 25, and The State v. Lessing, 16 Minn. 75. See also 1 Chitty C. L. 641, and 2 Whart. C. L., § 1119.

Motion overruled.