## The State v. Coleman and Owens.

1. An indictment for playing at cards in a store-house where spirituous liquors are retailed, must allege such to have been the character of the store-house when the playing took place; and it is not enough to aver, that spirituous liquors were retailed there when the indictment was found—the playing being charged on a previous day.

2. Where the defendant pleads not guilty to an indictment, containing three counts, and the entire cause is submitted to a jury who find a verdict as to one count, without responding to the others, the cause is at an end.

ON points referred as novel and difficult by the Circuit Court of Tallapoosa.

The Attorney General, for the State.
No counsel appeared for the defendants.

COLLIER, C. J.—The defendants, with others, were indicted in the Circuit Court of Tallapoosa, for gaming. The indictment contains three counts, but we do not deem it neces-

sary to notice any other than the first; that count charges that the defendants and those indicted with them, "on the first day of October, eighteen hundred and thirty-eight in the county aforesaid, did play at cards in a store-house, where spirituous liquors are retailed, contrary," &c.

The defendants moved the Court to quash this count, but their motion was overruled. They then demurred, and their demurrer being overruled, they pleaded "not guilty," and the cause was submitted to a jury, who found the defendants guilty upon the *first count*, and assess a fine against each of them of twenty dollars. Judgment being rendered accordingly, the Circuit Court referred the questions of law arising upon the indictment, together with others, to this Court as novel and difficult.

The terms of the act on which this indictment is founded, are as follows: "If any person shall play at any tavern, inn, store-house, for retailing spirituous liquors, or any other public house, or in any street, or highway, or in any other public place, or in any out-house where people resort, at any game or games, with cards or dice, such person or persons so playing, shall on conviction thereof by indictment, be fined a sum not less than twenty, nor exceeding fifty dollars."

The objection to the count we are examining is, that it does not charge the house at which the playing took place, to have been a "store-house for retailing spirituous liquors" on the first of October, 1838, but only alleges that such was its character at the time the indictment was found. Though it is not necessary to prove the offence to have been committed on the day stated in the indictment, but is allowable to show its commission at any time before the finding of the bill by a grand jury, provided the proof does not relate to a time so remote, that the statute of limitations would operate a bar: yet it is important that every thing essential to constitute the offence, should be shown to exist at the time it was charged to have been committed.— Tested by this rule, the indictment cannot be sustained: it alleges the playing at cards to have taken place previous to the finding of the grand jury, but does not show that the *locus in quo* was then a store-house for retailing spirituous liquors, but only that such was its character when the indictment was found.

The objection raised upon demurrer was not to a mere matter of form, but to a word very materially affecting the sense, and should not have been disregarded.

Other questions are referred, but the one considered being deemed decisive of the case of the defendants, it is not necessary to answer the others. Whether the verdict be a formal acquittal of them or not, upon the second and third counts, the submission of the entire cause to the jury, and their verdict responding to a part, must operate as a discontinuance of the remainder. The consequence is, the judgment is reversed.