THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARVEY A. NEWTON, Respondent, v. JOHN B. TROMBLY, as Warden of Dannemora Prison, Clinton County, State of New York, Appellant.

*Habeas corpus — second offense by prisoner out on parole — effect on first sentence.*

Appeal from an order of the Supreme Court, made at the Schenectady Special Term on the 25th day of February, 1919, sustaining a writ of habeas corpus granted herein by a justice of the Supreme Court on the 16th day of November, 1918, and directing the respondent to release relator from custody.

Motion denied. Order affirmed on the opinion of Whitmyer, J., at Special Term (reported in 107 Misc. Rep. 48), and on the authority of *People ex rel. Kohler* v. *Kidney* (223 N. Y. 666). All concur, except John M. Kellogg, P. J., dissenting, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting): The respondent, a prisoner at Great Meadow Prison, serving a sentence for burglary in the third degree, was released on parole March 19, 1914, having served from September 18, 1912, on a maximum sentence of five years. Notwithstanding his parole, he was still in legal custody under the control of the warden of the prison, and was in fact serving his sentence. (Prison Law, § 214.) On the 29th of May, 1914, he was convicted of an attempt to commit burglary in the third degree, as a second offense, and sentenced to Sing Sing for four years. June 15, 1914, a warrant for retaking him as a parole prisoner was issued and placed in the hands of the prison authorities at Sing Sing, requiring that he be retaken and returned to said State Prison (Great Meadow) " before the expiration of his present term in Sing Sing." At the time the warrant was issued and placed in the hands of the prison authorities, he was in Sing Sing under the second conviction, and the prison authorities caused him to be returned to Great Meadow Prison July 2, 1914. The Parole Board duly declared him a delinquent under section 217 of the Prison Law, June 19, 1914. After his return to Great Meadow, the prison authorities, under section 149 of the Prison Law, transferred him to Clinton Prison at Dannemora, from

which he has been released on habeas corpus by the order under review. A discussion as to whether he was arrested upon the warrant of the Parole Board is unnecessary. He was in the custody of the law and the warrant was delivered to the warden having him in custody. The order appealed from, the opinion and the petitions show that the warrant of the Parole Board requiring the return of the prisoner to the Great Meadow Prison was sent by the Superintendent of Prisons to the warden of Sing Sing Prison June 16, 1914. The warden also had an extract of the minutes of the Parole Board of June nineteenth, showing the respondent was declared a delinquent from that date. These facts, and his immediate transfer to Great Meadow Prison, leave nothing further to be said on the question whether the warrant was executed and the prisoner taken and returned to Great Meadow Prison thereon. (Prison Law, §§ 215-217.) Under sections 216 and 217 of the Prison Law, the warrant for a paroled prisoner requires him to be returned to the prison from which he was paroled and that the matter be brought before the Board of Parole and, if found delinquent, that he be imprisoned in said prison for the remainder of the unexpired term unless he is again paroled or discharged. The provision that he " be thereafter imprisoned in said prison " did not deprive the prison authorities of the right to transfer him from Great Meadow Prison to Dannemora. The sections referred to are to be read in connection with sections 148 and 149, and mean that he shall remain in prison and not on parole unless he is again paroled. Section 148 of the Prison Law requires the classification and grading of prisoners; section 149 permits promotions and reductions in grades and authorizes a change of prisoners from one prison to another, with reference to respective capacity of the several prisons, or with reference to the health or reformation of the prisoners, or with reference to the proper grading of prisoners. It is clear that the paroled prisoner, when returned to prison, stands in the same position under these sections as other prisoners. There is no reason why, if the conditions of the prisons require a transfer of a prisoner, that section 217 should be so construed as to prevent it. No matter in what State prison a statute requires a prisoner to be confined, section 149, relating to the welfare of the prisons and of the prisoners, gives to the proper prison authorities power to make such transfers as public necessity requires. In any event, the respondent was legally in Great Meadow Prison, after he was declared a delinquent, and if the prison authorities made a mistake in transferring him to Dannemora Prison, it did not shorten his term or serve the first sentence. If the transfer was in violation of his rights, he could have raised the question that the service of the sentence should be at Great Meadow and not at Dannemora. He should serve his time and not escape by a technical or strained construction of the statute. Section 2190 of the Penal Law provides that if a person under sentence for felony commits another felony and is convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of the term of imprisonment to which he has already been sentenced. From this section it follows that immediately upon the receipt by the prison authorities of the parole warrant

and the return of the prisoner to the Great Meadow Prison thereon, his imprisonment was under the first conviction and, upon the completion of that term, he again began service on a second sentence. It is true the term of the first sentence has expired; it has been served. The imprisonment under the second conviction was suspended on the day the prison authorities returned respondent to Great Meadow Prison and did not again become effective until the first term had been served. His time is not to be counted as served on each commitment, but the law will determine upon which commitment the service applies. In *People ex rel. Kohler* v. *Kidney* (223 N. Y. 666) the paroled prisoner was not retaken on parole until after the expiration of the first sentence and after two subsequent sentences had been served. That case only holds that the time of the sentence having elapsed, the defendant could not be again returned to prison. Here the first sentence has been fully served and there is no attempt here to retain the respondent on account of it. The fact that the parole was canceled compelled him to serve the remaining part of the first term, and the term under the second conviction has not been fully served. I favor a reversal of the order and a dismissal of the writ.