STATE *vs.* LEON FREEMAN.

Cumberland.    Opinion March 3, 1923.

*A deputy sheriff without a warrant requested by the sheriff with a warrant to assist*
*in making an arrest, or otherwise enforce the criminal law, is as much justified*
*in assisting his superior officer as though  he had a warrant in his own*
*hands.   An officer with a warrant for the arrest of a person while*
*driving an  automobile may block the way to an  oncoming car of*
*such person, as the officer has the same right to stop or pursue*
*one trying  to escape in an automobile as though  he were*
*on foot.*

In the instant case both exceptions to the exclusion of evidence and to the
requested instruction involved the same principle.   Deputy Sheriffs, Wheeler
and Williams were each asked, on cross-examination, if they personally had
a warrant when they attempted to intercept the respondent and stop his car.
Both questions were properly excluded.

The exception to a refusal to give a directed verdict should be overruled as the
evidence was ample to prove, if the jury believed it, that the respondent was
guilty in both cases.

On exceptions by respondent.   The respondent was found guilty
at the September term, 1922, of the Superior Court of Cumberland
County, under two complaints tried together relating to the same
set of  circumstances, one of  the complaints  being for "reckless
driving" of an automobile, and the second complaint for exceeding
the speed limit of thirty miles an hour.   The respondent took two
exceptions to the exclusion of testimony; an exception to a refusal
to give an instruction; an exception to an instruction given, and an
exception to a refusal to direct a verdict.   Exceptions overruled.
Judgment for the State.

The case is fully stated in the opinion.

*Clement F. Robinson, County Attorney and Ralph M. Ingalls,*
*Assistant County Attorney,* for the State.

*Henry Cleaves Sullivan and Francis W. Sullivan,* for respondent.

Sitting: Cornish, C. J., Spear, Hanson, Dunn, Morrill, Deasy, JJ.

Spear, J.    This case involves two complaints against the respondent which were tried together.    The first complaint was based upon the charge that the defendant "did operate and control a certain automobile in a reckless manner so that the lives of the public were in danger;" the second, that he "being then and there a driver of a certain vehicle then and there propelled by a certain gasoline motor, so-called, did then and there drive such vehicle along and over Veranda Street and Washington Avenue, so-called, in said Portland, at a greater rate of speed than thirty miles an hour for a distance of one-half a mile."    The evidence, upon which the jury had a right to found a verdict, disclosed that at about noon on March 24, 1922, Sheriff Graham, armed with a warrant for automobile No. 5500, and accompanied by Deputies Wheeler and Williams, motored to Martin's Point Bridge, just outside Portland, on the federal highway, placed his car across the road, and attempted to intercept the respondent, driving, toward Portland, the automobile named in the warrant. The sheriff and his deputies stood on the bridge and waited for the respondent.    Deputy Wheeler attempted to step before the respondent car and stop the respondent, but the latter speeded his car, drove past the deputy, and in his flight sidescraped the sheriff's automobile.    He was pursued some distance toward the city, but escaped.    After a verdict of guilty the case is before the Law Court on two exceptions to the exclusion of evidence; on an exception to a refusal to give an instruction; on an exception to an instruction given; and on an exception to a refusal to give a directed verdict.    Both exceptions to the exclusion of evidence involved the same principle. Deputy Sheriffs Wheeler and Williams were each asked, on cross-examination, if they personally had a warrant when they attempted to intercept the respondent and stop his car.    The questions were objected to on the ground that the sheriff had a warrant and that the interrogatories were, therefore, irrelevant and immaterial.    Both questions were excluded.    The jury found, and the evidence was ample to prove, if they believed it, that the respondent was guilty in both cases.    The exceptions, therefore, would seem to be based upon the theory of a justification, provided it could be shown that the deputy sheriff did not personally have in his possession a warrant

against the respondent at the time of the attempted interception. But such is not the law. When a deputy sheriff is called upon by the sheriff to assist in making an arrest, or otherwise enforce the criminal law, a warrant in the hands of the sheriff is equivalent to a warrant in the hands of the deputy, so far as the justification of his action is concerned in assisting his superior officer. Moreover, by R. S., Chap. 85, Sec. 61, and Chap. 124, Sec. 19, even a civilian could be called upon by the sheriff to assist him, with a penalty upon neglect or refusal so to do. Accordingly, the question whether a warrant was in the possession of the deputy was properly excluded.

We are not quite sure of our interpretation of the requested instruction of the respondent, but as we understand it, it was that the presiding Justice should instruct the jury that there was a distinction between a situation produced by the intentional blocking of the way to an oncoming car, and the blocking by natural or extraordinary conditions, not intentionally created; and that the statute in regard to "reckless manner" contemplated a situation not intentionally created. This request was covered in the charge in which the presiding Justice instructed the jury that what the officers were doing, or how they did it, by way of obstructing the passage of the respondent car, was immaterial upon both charges. The request was properly refused. The issue was the reckless manner of control and over-speeding, not what the officers might be doing with reference to the movements of the defendant car.

The instruction to the jury, to which exception was taken, was as follows: "Now, then, take this situation as the testimony presents it to your minds there, and see whether or not this respondent, regardless of his motives, regardless of justification, that is, so far as the testimony here discloses, or of what he may have thought or feared, did operate his automobile recklessly in disregard to the safety of the public so as to endanger the lives or safety of the public."

This paragraph in the charge involves precisely the same question as that presented in the request, and in effect, declared that the action of the officers in an attempt to stop the respondent and serve the warrant upon him, did not operate to condone the illegal acts of the respondent. We think the paragraph quoted correctly stated the law. The officers had a warrant for the apprehension of the respondent and had the same right to stop or pursue him trying to escape in an automobile as they would have had to stop him or pursue

him if he was trying to make his escape on foot. Moreover, the sheriff and his deputies would have been derelict in the discharge of their duties under the requirements of the statute of the State, had they not made every effort to serve the warrant placed in the sheriff's hands. R. S., Chap. 127, Sec. 49, in part reads as follows: "Any sheriff, deputy sheriff, or county attorney, who shall wilfully or corruptly refuse or neglect to perform any of the duties required by this Section, shall be punished by fine not exceeding one thousand dollars or by imprisonment not exceeding one year."

It would be somewhat of a paradox to announce the doctrine that the holding up of the car of a fleeing offender by a sheriff armed with a warrant to apprehend him, should be invoked by such offender as a condonation of his actual guilt as found upon the facts by a jury.

The motion for a directed verdict was properly denied.

*Exceptions overruled.*
*Judgment for the State.*