**Lionel W. CHAMPAGNE**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

March 11, 1970.

Thomas P. Kapantais, Portland, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WEBBER, Justice.

The State appeals from a decision below upon a petition for post-conviction relief granting release from custody to the petitioner. Having been convicted of a felony, petitioner commenced serving a sentence of not less than one nor more than four years in the Maine State Prison on February 11, 1965. On November 8, 1965 petitioner was released on parole. On January 27, 1966 a statute enacted as P.L. 1965, Ch. 460 became effective as emergency legislation. The statute amended 34 M.R.S.A., Sec. 1675 by adding two new paragraphs as follows:

> "Whenever a warrant is issued under this section for the arrest of a parolee, the running of the parolee's sentence shall be interrupted and shall remain interrupted until the parolee is returned to the institution from which he was paroled; such interruption of the running of his sentence shall include any time served prior to such return, after conviction for a crime committed while on parole.

> In the event of the withdrawal of the warrant by authority of the board, or in the event that the board at the hearing on the alleged violation finds that the parolee did not violate the conditions of his parole, or the law, he shall be credited with the time lost by the interruption of the running of his sentence."

On September 9, 1966 a parole violator's arrest warrant was issued against the petitioner. On November 8, 1968 petitioner's maximum sentence expired if not inter-

rupted by issuance of the warrant. On January 2, 1969 petitioner, having been apprehended in Connecticut, was returned to the prison. On February 17, 1969 the petition for post-conviction relief was instituted asserting in effect that petitioner's maximum sentence had been fully served and he was no longer legally detained.

In Still v. State (1969) 256 A.2d (Me.) 670 we had occasion to give some consideration to the effect of P.L.1965, Ch. 460. In that case the petitioner was released on parole *after* the effective date of the statute. Some of the language in Still is, however, important and even controlling here. We rejected Still's contention that statutes in effect at the time of his *sentence* governed the conditions of his parole and held that those conditions were controlled by statutes in effect *at the time he was released on parole,* specifically Ch. 460. We recognized that the Legislature may by statute impose conditions on parole subsequently granted, and said:

> "The result of enactment (of) Chapter 460 was to add a new condition to a prisoner's parole, and its effect upon Petitioner was completely prospective. Parole is a matter of grace and the Petitioner had received no vested right to parole itself or to parole under then existing conditions when he was sentenced to prison."

We were satisfied that it was "the Legislature's intention that conditions of parole should be established *at the time of parole.*" (Emphasis added). We quoted with approval the statement found in State v. Fazzano, (1963) 96 R.I. 472, 194 A.2d 680, 684 asserting, "As part of the act of grace it is within the legislative power to attach conditions to the grant of parole and to provide for the administration thereof."

 We conclude that the conditions of petitioner's parole were fixed when he was released on parole at a time prior to the enactment of Chapter 460. Since the

new statute could not and did not add a new condition retroactively to the terms of his parole, his sentence was not interrupted by the issuance of the warrant. This was the conclusion properly arrived at by the Justice below. Petitioner, having served his maximum sentence, was properly entitled to release from custody.

Appeal denied.

MARDEN, J., did not sit.