Paul S. STUBBS

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Sept. 9, 1971.

Stearns, Finnegan & Needham, by Louis C. Stearns, III, Bangor, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

This matter is before us on appeal by the Petitioner and upon cross-appeal by the State of Maine.

The cause comes to this Court as the result of Findings and Judgment entered by a single Justice on the Petitioner's habeas corpus (post-conviction) petition.

In April, 1957, judgment was entered against the Petitioner (then defendant), after a finding by a jury that he was an habitual criminal, under the terms of which judgment he was committed to the Maine State Prison for a term of not less than 15 years nor more than 30 years.

In July, 1969, he was paroled. On August 26, 1969, a parole violator's warrant was issued for his arrest, it having been alleged, in a manner procedurally proper, that he had violated the terms and conditions of his parole.

On September 28, 1969, he was apprehended and returned to the State Prison. After hearing by the Parole Board, his parole was revoked. The habeas corpus petition (post-conviction) followed.

His petition urged two grounds for the issuance of the writ of habeas corpus:

(a) His parole was revoked without cause; and

(b) His arrest and return to prison was invalid because the parole warrant which purported to authorize his being taken into custody was not physically present at the scene of his arrest and was not produced by the arresting officer upon his request.

The single Justice ruled adversely to the Petitioner as to the first allegation but ruled that the apprehension of the Petitioner without the parole warrant being present at the scene or being produced by the arresting officer upon the Petitioner's request, was invalid.

The Petitioner appeals from the former ruling.

The State cross-appeals from the latter.

We deny the appeal by Stubbs.

We sustain the appeal by the State.

At the hearing on the post-conviction habeas corpus petition the single Justice heard considerable evidence concerning the events leading up to the revocation of the Petitioner's parole.

The single Justice found:

*"From the evidence it is found that the Petitioner did violate his parole and that after being informed that a parole violator's warrant had been issued, he departed from the Corinna, Maine, area and traveled to the Fryeburg, Maine, area, where he was taken into custody and returned to the State Prison."*

The Petitioner now urges on this Court that such finding was error.

█ It is now well settled in this State a parolee has no constitutional right to a hearing on revocation of parole. Such a revocation without notice and hearing does not constitute a denial of due process.

Mottram v. State, Me., 232 A.2d 809.

Our Legislature has directed that after a parolee is taken into custody and returned to prison as the result of the issuance of a parole warrant, the Parole Board shall:

*"At its next meeting at that institution, the Board shall hold a hearing. The parolee is entitled to appear and be heard."*

34 M.R.S.A. § 1675.

In Mottram v. State, supra, this Court took occasion to discuss the status of a parolee during the period he is on parole. There we said: *"A parolee is under the custody of the warden while on parole as well as after his arrest for violation."* We also declared: *"No appeal has been provided from the Board's determination of violation of parole."*

We now decide that a finding of parole violation made by the Parole Board, is not reviewable in a habeas corpus (post-conviction) proceeding.[1]

The finding made by the Parole Board that the terms and conditions of his parole had been violated by the Petitioner must therefore stand.

We conclude this because as we said in *Mottram,* supra, when one is convicted of crime, he is then committed to the Executive Department of the Government for execution of the sentence pronounced by the Court.

Hopefully, the Executive Department can rehabilitate the prisoner so committed to its custody. It is for the Legislature to determine the manner in which the rehabilitation process should be undertaken. In the administration of the rehabilitation program the Court plays no part: *"Courts have no power to determine the penological system; this is within the exclusive jurisdiction of the Legislature."*

State v. Fazzano, 96 R.I. 472, 194 A.2d 680 (1963).

The Legislature has seen fit to create the parole system as part of its program for rehabilitation of persons convicted of crime. Responsibility for making the parole program work has been delegated by the Legislature to the Parole Board. From the date of parole eligibility, it is for the Parole Board to determine the extent to which the remainder of the Court-imposed sentence shall be executed inside an institution or without its walls. It alone can dictate the terms of release from the institution on parole. It has the power to remove a prisoner and place him in the community while he is still under service of his sentence. The circumstances dictating such action are for the Parole Board to determine.

It follows then, that subject only to the legislatively dictated procedural requirements, it is for the Parole Board alone to determine when, and under what circumstances, during the period the prisoner stands in execution of his sentence, he is to be removed from the community and restored to the institution there to continue in execution of his sentence.

It is agreed the Petitioner was taken into custody by a Deputy Sheriff of Oxford County who did not have a parole violation warrant in his possession. The officer was informed of the existence of such warrant by telephone from the Prison.

It is further established that while in custody, the Petitioner demanded to see the parole violation warrant. The arresting officer was, of course, unable to comply with the petitioner's request to see the warrant because the warrant was not in the possession of any of the officers involved in taking him into custody.

The single Justice relied upon State v. Phinney, 42 Me. 384, and State v. Free-

---

1. This is not to say that the habeas corpus (post-conviction) proceeding provided by 14 M.R.S.A. § 5501, et seq., is not a proper vehicle to review *any* issue arising from revocation of parole by the Parole Board.

In *Mottram* we declared that such statutory proceeding *was* a proper remedy to test the legality of a parolee's imprisonment on the alleged claim that the Board acted illegally in revoking his parole without the hearing required by law.

We here affirm such ruling, but declare that a *finding of fact* that cause exists for revoking a parole made by a Parole Board, is not subject to judicial review, either by appeal or by the procedure described in 14 M.R.S.A. § 5501, et seq.

man, 122 Me. 294, 119 A. 668, as authority for his conclusion that the apprehension of the Petitioner without the warrant being present at the scene and without its being produced upon request by the Petitioner, was invalid.

We do not so view these cases.

In State v. Phinney, supra, the defendant was convicted of assault with intent to kill an officer's aid who was attempting to arrest him.

The defendant in that case complained of a jury instruction which stated that the officer, or his aid, was required to give reasonable information *"if requested to state his authority or show his precept by the person arrested, but he would not be bound under all the circumstances to show his precept."*

In reviewing, to determine the correctness of the presiding Justice's instructions to the jury, that Court said:

*"It is very important in all cases where an arrest has been made by virtue of a warrant, that the warrant, if demanded, should be produced."*

It is this language in State v. Phinney, supra, on which the single Justice relied.

In *Phinney* the Court continued:

*"All the authorities concur in the doctrine, that where an arrest has been made by a party not known to be an officer, and who refuses, on demand, to exhibit his precept, or declare his authority, and resistance is made to such officer, and death ensue to the officer from such resistance, such killing will not be murder, but manslaughter only \* \* \*"* (emphasis supplied)

■ We distinguish *Phinney* from the case at hand. We interpret *Phinney* to stand for the proposition that one making an arrest who does not appear to be an officer must demonstrate his authority upon request. It does not stand for the proposition that an arrest warrant must be present always or produced upon request.

■ In the case with which we are here concerned the Petitioner knew of the existence of the warrant and knew that the arresting officers were policemen.

*Phinney* is also distinguishable from the case here before us by the fact that in *Phinney* the arrest was of a person charged with a crime.

The present case concerns the taking of an alleged parole violator into custody.

In State v. Freeman, supra, the Court declared:

*"When a deputy sheriff is called upon by the sheriff to assist in making an arrest, or otherwise enforce the criminal law, a warrant in the hands of the sheriff is equivalent to a warrant in the hands of the deputy, so far as the justification of his action is concerned in assisting his superior officers."*

We see no inconsistency between that statement appearing in Freeman and our holding in this case.

Maine Rules of Criminal Procedure, Rule 4, provide in part as follows:

*"The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of the arrest, he shall then inform the defendant of the offense and of the fact that a warrant has been issued."*

15 M.R.S.A. § 704 contains a provision of similar tenor. The statute cited and the rule both refer to an arrest for the commission of a crime.

A fortiori, there is no requirement that when taking a parole violator into custody after a parole warrant has been issued, one must have such parole warrant in his pos-

session or there must be a parole warrant present at the scene.

We so hold.

The entry must be,

Appeal of Paul S. Stubbs denied.

Appeal of the State of Maine sustained.